# United States Court of Appeals
## For the First Circuit

No. 04-1995

UNITED STATES OF AMERICA,
Plaintiff, Appellant,

v.

ROBERTO LÓPEZ-BURGOS,
Claimant, Appellee,

$219,860 IN U.S. CURRENCY,
Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. José Antonio Fusté, U.S. District Judge]

Before
Torruella, Circuit Judge,
John R. Gibson, Senior Circuit Judge,*
and Howard, Circuit Judge.

Richard L. Hoffman, Assistant Chief United States Department of Justice, Criminal Division, Asset Forfeiture & Money Laundering Section, with whom Richard Weber, Chief, United States Department of Justice, Criminal Division, Asset Forfeiture & Money Laundering Section and H.S. Garcia, United States Attorney, were on brief, for appellant.
Francisco Rebollo-Casalduc, with whom Law Offices of Francisco Rebollo-Casalduc, was on brief, for appellee.

January 10, 2006

*Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

**HOWARD**, **Circuit Judge**.  In early April 2003, federal and Puerto Rico law enforcement officials exercised their authority under the Shippers Export Declaration guidelines, see 15 C.F.R. Part 30, to examine a parcel shipped from New York City to a FedEx station within the Commonwealth.  The shipping manifest stated that the parcel contained a "scrap book, color and photo paper."  The shipper was identified as John Ramirez, 308 Canal Street, New York, and the addressee as Roberto López Burgos of San Juan.

The parcel in fact contained nearly $220,000 in $20 bills.  The investigating agents permitted the parcel to be delivered to López Burgos, who had come to the FedEx station to pick it up.  López Burgos drove off with the parcel in a Toyota FourRunner registered in his name.  A short time later, he was stopped and asked for his driver's license.  He replied that he did not have it with him.  When asked about the contents of the parcel in plain view in the back seat, he had no comment.  At this point, the agents arrested him and his wife, who was riding with him at the time.

At the police station, López Burgos stated that he was unemployed and asked for a lawyer.  His wife, who was interviewed separately, told the agents the neither she nor her husband was employed (though she baked wedding cakes part-time).  She stated that she had no knowledge of the currency in the parcel, and signed a form relinquishing any claim to it.  Meanwhile, a drug detection

-2-

dog alerted to the presence of narcotics in the currency. Subsequent investigation revealed that there is no John Ramirez at the company located at 308 Canal Street in New York City.

The money was formally seized and López Burgos filed an administrative claim to it. The United States subsequently commenced a civil judicial forfeiture by filing a verified complaint for forfeiture in rem. See 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981 and 983. After several months of procedural skirmishing that we shall not describe because it has no bearing on our analysis, López Burgos filed a claim to the money and a motion to dismiss the forfeiture complaint. In support of his motion, López Burgos invoked statutorily superseded (and therefore legally irrelevant) authority requiring the government to plead facts sufficient to establish probable cause to believe that the currency is subject to forfeiture. See United States v. One Lot of U.S. Currency ($36,674), 103 F.3d 1048, 1053 (1st Cir. 1997) (interpreting the since repealed 19 U.S.C. § 1615); see also United States v. 255 Broadway, 9 F.3d 1000, 1003-04 (1st Cir. 1993). Inadequately alerted to López Burgos's legal error by the government's opposition papers (which made only oblique references to the new statutory regime, which we shall discuss momentarily), the district court granted the motion to dismiss. In the court's view, the facts set forth in the complaint (which we have

summarized above) were insufficient to establish probable cause to forfeit the currency.

The government has brought this appeal to secure a remand and the reinstitution of the forfeiture action. The government says that the district court's decision was incorrect even under our old law -- that it failed to appreciate the effect of the pleaded facts in their totality -- but we shall focus on its other argument: that a remand is required for proper application of the decisional standards ushered in by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). We agree that a remand is appropriate. Although CAFRA increased the government's burden of proof at trial from mere probable cause (the old standard) to the preponderance of the evidence, see 18 U.S.C. § 983(c)(1), it made clear that the pleading requirements imposed by cases such as One Lot of U.S. Currency ($36,674) no longer apply. It did so by stating that no civil forfeiture complaint may be dismissed because the government lacked sufficient evidence of forfeitability at the time of filing, see 18 U.S.C. § 983(a)(3)(D), and that the government may use evidence gathered after filing to meet its burden of proof, see 18 U.S.C. § 983(c)(2). As a consequence, the government no longer must plead facts sufficient to establish probable cause to forfeit; it need only satisfy Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. See 18 U.S.C. § 983(a)(3)(A). In relevant part, the rule provides: "In actions to

-4-

which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the . . . claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."[1]

López Burgos concedes that the district court applied the wrong legal standards, and he, quite properly, does not argue that the complaint was inadequate under current law. Instead, he argues

---

[1]In August 2004, the Advisory Committee on Civil Rules published for comment a draft of proposed Supplemental Rule G, which would merge most provisions of the Supplemental Rules governing forfeiture actions into a single rule. Proposed Supplemental Rule G(8)(b)(ii) states: "In an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by subdivision (2)."

The cross-referenced "subdivision (2)," Proposed Supplemental Rule G(2), states that a forfeiture complaint must

(a) be verified;

(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

(c) describe the property with reasonable particularity;

(d) if the property is tangible, state its location when any seizure occurred and -- if different -- its location when the action is filed;

(e) identify the statute under which the forfeiture action is brought; and

(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

-5-

that we should affirm the judgment on alternative grounds:  that the government affirmatively waived its entitlement to have its complaint assessed under CAFRA because, as we have said, the government's opposition papers inadequately alerted the district court to CAFRA's requirements;[2] that the court actually treated its motion as one for summary judgment and, under summary judgment principles, appropriately entered judgment in its favor; and that a remand would be futile because the government will be unable to augment its evidence during the discovery process.

These arguments lack merit.  The first two are without record support, and the third invites us to accept López Burgos's predictions about the effects on the proceedings (if any) of still unfolding events -- namely, his anticipated invocation of the Fifth Amendment's privilege against self-incrimination at his deposition, and the recent indictment of one of the law enforcement officers involved in the seizure of the currency.  And, in any event, we simply do not share López Burgos's conviction that the verified complaint falls significantly short of establishing a trialworthy issue as to forfeitability.  Under the circumstances, the only prudent course is to **vacate** and **remand** for further proceedings consistent with this opinion.

---

[2]López Burgos asserts that the government sought to hide the CAFRA standards from the court because it wished to avoid application of the higher burden of proof the statute imposes on the government at trial.  There is nothing in the record to substantiate this allegation.

It is so ordered.